IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMANUEL DIAZ de LEON, IGNACIO GARCIA, JULYSABEL CERDA, SILVIA GUZMAN, AND JOSE ANAYA, <br><br>Plaintiffs, <br><br>v. <br><br>FLAVOR & FRAGRANCE SPECIALTIES, INC., FIRMENICH, INCORPORATED, CARMI FLAVOR AND FRAGRANCE COMPANY, INC. AND MISSION FLAVORS & FRAGRANCES, INC., <br><br>Defendants. | CIVIL ACTION NO. _____ <br><br>JURY TRIAL |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendants Mission Flavors & Fragrances, Inc., Flavor Fragrance Specialties, Inc., Firmenich, Incorporated, and Carmi Flavor and Fragrance Company, Inc. ("Defendants") and file this Notice of Removal respectfully as follows:

### I. INTRODUCTION

On April 10, 2012, Plaintiffs Emanuel Diaz de Leon, Ignacio Garcia, Julysabel Cerda, Silva Guzman and Jose Anaya ("Plaintiffs") filed suit in the 241st Judicial District Court of Smith County, Texas, Cause No. 12-1081-C, styled *Diaz de Leon, et al. v. Flavor & Fragrance Specialties, et. al.*, seeking damages for lung disease allegedly caused by a chemical known as "diacetyl." Defendants were each served with citation and a copy of Plaintiff's Original Petition on or after April 16, 2012. Plaintiffs filed their First Amended Petition on May15, 2012. In their

First Amended Petition, Plaintiffs, five individuals, seek to recover damages, but do not specify any amount in controversy or a maximum amount of damages.

## II. GROUNDS FOR REMOVAL

### A. Diversity of Citizenship between the Parties.

Diversity of citizenship exists between Plaintiffs and each Defendant; therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of the state of Texas. *See Pl. Original Pet.* at ¶¶ 2.2-2.10. Mission is a citizen of the state of California under 28 U.S.C. §1332(c)(1) because it is incorporated under the laws of the state of California and its principal place of business is in California. Mission is not a citizen of the state of Texas and was not a citizen of the state of Texas prior to the date the lawsuit was filed. The remaining defendants are not citizens of Texas either. Carmi Flavors and Fragrance Company, Inc. was incorporated under the laws of the state of California, and its principal place of business is in California. Firmenich, Inc. was incorporated under the laws of the state of Delaware, and its principal place of business is in New Jersey. Flavor & Fragrance Specialties, Inc. was incorporated under the laws of the state of New Jersey, and its principal place of business is in New Jersey. As such complete diversity is present pursuant to 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy exceeds $75,000.00.

In order to be entitled to remove, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Defendants may meet this burden by either (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* In determining whether it is facially apparent that the amount in controversy is likely to exceed $75,000, "the proper

71261.1/294955.2 (DIAZ DE LEON)
PAGE 2

procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed" $75,000. *Id.* In determining whether the amount in controversy exceeds $75,000, the Court considers actual damages, exemplary damages, treble damages and requests for attorneys' fees. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) (finding that attorneys' fees should be included in the calculation of the amount in controversy when a state statute provides for such fees); *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001) (concluding that punitive damages may properly be considered in determining whether the amount in controversy exceeds $75,000); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding that statutory damages of 18 percent per annum under Article 21.55 of the Texas Insurance Code must be included in determining the amount in controversy); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994).

The Southern District of Texas' opinion in *Chittick*, 844 F. Supp. at 1153, is instructive. In that case, the Chitticks sued Farmers Insurance for violations of the DTPA and Article 21.21 of the Texas Insurance Code, plus negligence, gross negligence, fraud, misrepresentation, breach of contract and breach of the duty of good faith and fair dealing stemming from damage to the roof of their home during a hail storm. The Chitticks estimated the cost to repair their roof to be between $14,680.00 and $25,413.00. The Court determined that it was facially apparent that the Chitticks sought more than $50,000 (the minimum jurisdictional amount at the time of removal), noting:

> The Chitticks seek damages for Farmers' alleged violation of art. 21.21 § 16 of the Texas Insurance Code and §§ 17.46 and 17.50(a)(3) of the Texas Deceptive Trade Practices Act. Prevailing on these statutory causes of action enables the plaintiff to collect either double or treble damages and attorney's fees . . .
>
> The Chitticks also seek to recover exemplary damages. Under Texas law, there is no set rule or ratio between the amount of actual damages and exemplary

> damages that may be awarded by a jury. Exemplary damages for gross negligence can be awarded up to four times the amount of actual damages or $200,000.00, whichever is greater . . . In view of the nature of the claims and the types of damages sought, as well as the presumed net worth of the defendant, the court concludes that Farmers has established by a preponderance of the evidence that the Chitticks' claims are sufficient in amount to confer federal jurisdiction.

*Id.* (citations omitted). *See also Kyger v. Veravest Investments, Inc.*, Cause No. 4:04-CV-094-A, 2004 WL 1043111 (N.D. Tex. 2004) (McBryde, J.) (not designated for publication) (denying motion to remand when plaintiff claimed approximately $40,000 in actual damages, plus attorneys' fees, treble damages and punitive damages under both statutory and common law theories).

This case is not significantly different from *Chittick*. Plaintiffs seek past and future damages including, but not limited to, physical pain, mental anguish, loss of earning capacity, physical impairment, and reasonable expenses for health care resulting from the injuries sustained. Although Plaintiffs' Original Petition does not include specific monetary demands, it is facially apparent that each of the Plaintiffs' claims likely exceed the jurisdictional amount of $75,000 necessary for removal based on diversity of citizenship. *See In re Silica Products Liab. Litig.*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005). In *In re Silica Products*, plaintiffs sought damages for severe impairment to plaintiffs' lungs and respiratory systems, past and future medical expenses, pain and suffering, punitive damages, and attorney fees. *Silica Products*, 398 F. Supp. 2d at 646. The Court recognized that these types of injuries are exactly the types that the Fifth Circuit has held satisfies the "facially apparent" standard, and as such the amount-in-controversy is likely more than the $75,000 statutory requirement. *Id.; See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett*, 171 F.3d at 298.

As the case at bar involves injuries analogous to those plead in *Silica Products*, it is "facially apparent" that Plaintiffs' claimed damages in excess of $75,000, and Defendants have met their burden to establish the minimum amount in controversy.

**C.     Timeliness of Removal.**

Defendants were served in the above styled case and received Plaintiffs' Original Petition no earlier than April 16, 2012. Thus, this Notice of Removal is timely filed within the thirty-day deadline found in 28 U.S.C. § 1446.

**D.     Consent of All Defendants.**

When a civil action is removed solely under section § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C.A. § 1446 (West). As required, counsel for all defendants have consented to the removal of this action; further, all defendants join in the removal.

### III.  STATE COURT PLEADINGS

In accordance with 28 U.S.C. § 1446(a) and LR 81, attached hereto behind tabs "A-E" are the following exhibits incorporated herein by reference:

Exhibit "A"    a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed);

Exhibit "B"    a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a);

Exhibit "C"    a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by him/her;

Exhibit "D"  a record of which parties have requested trial by jury (this information is in addition to placing the word "jury" at the top of the notice of removal immediately below the case number); and

Exhibit "E"  the name and address of the court from which the case is being removed.

WHEREFORE, PREMISES CONSIDERED, Mission Flavors & Fragrances, Inc., Flavor Fragrance Specialties, Inc., Firmenich, Incorporated, and Carmi Flavor and Fragrance Company, Inc. and pray that this Court assume full jurisdiction of this cause in accordance with 28 U.S.C. § 1332(a)(1), and that further proceedings in the 241nd District Court of Smith County, Texas be stayed, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

BY: /s/ Jason W. Fatheree
**Kirk T. Florence**
State Bar No. 07160900
**Jason Fatheree**
State Bar No. 24027162
**Justin P. England**
State Bar No. 24063955

CROUCH & RAMEY, L.L.P.
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone:   (214) 922-7100
Telecopier:  (214) 922-7101

**ATTORNEYS FOR DEFENDANT
MISSION FLAVORS & FRAGRANCES, INC.**

Consenting to and joining in Removal:

By: _____
Preston W. McGee
State Bar No. 13620600
FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Ste. 200,
Tyler, TX 75701
(903) 592-8186

**ATTORNEYS FOR DEFENDANT
FIRMENICH, INCORPORATED**

Consenting to and joining in Removal:

By: _____
Clay White
State Bar No. 21292220
Adam Allen
State Bar No. 24038738
White-Shaver
205 W. Locust Avenue
Tyler, TX 75702
(903) 533-9447

ATTORNEYS FOR DEFENDANT
CARMI FLAVOR AND FRAGRANCE COMPANY, INC.

Consenting to and joining in Removal:

By: _____
Robert D. O'Conor
State Bar No. 15191250
Fed. ID. No. 13014
Jess W. Mason
State Bar No. 13155950
Fed. ID. No. 9961
COTHAM HARWELL AND O'CONOR, P.C.
1616 S. Voss, Suite 200
Houston, TX 77057
(713) 647-7511

ATTORNEYS FOR DEFENDANT
FLAVOR & FRAGRANCE,
SPECIALTIES, INC.

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy the above document has been forwarded to counsel of record for Plaintiffs via certified mail, return receipt requested, and to all known defense counsel of record via first class mail on this 15th day of May 2012.

/s/ Jason W. Fatheree
Jason Fatheree

DEFENDANTS' NOTICE OF REMOVAL
71261.1/294955.2 (DIAZ DE LEON)
PAGE 10