IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EMANUEL DIAZ de LEON, IGNACIO GARCIA, JULYSABEL CERDA, JOSE ANAYA, AND JOSE GARCIA, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL NO. 6:12-cv-00327-LED |
| FLAVOR & FRAGRANCE SPECIALTIES, INC., FIRMENICH, INCORPORATED, CARMI FLAVOR AND FRAGRANCE COMPANY, INC., MISSION FLAVORS & FRAGRANCES, INC., ADVANCED BIOTECH OVERSEAS LLC, BERJE, INCORPORATED, ELAN CHEMICAL CORPORATION, INC., O'LAUGHLIN INDUSTRIES, INC., FRUTAROM, DALIAN LUCK FINE CHEMICAL CO., LTD., FIRMENICH SA, BRENNTAG MID-SOUTH INC., CARGILL FLAVOR SYSTEMS US, LLC N/K/A KERRY FLAVOR SYSTEMS US, LLC, KERRY FLAVOR SYSTEMS US, LLC, AND ALFREBRO, LLC, | § § § § § § § § § § § § § § § § § § § § § § | JURY TRIAL |
| Defendants | § § | |

PLAINTIFFS' FOURTH AMENDED COMPLAINT

TO THIS HONORABLE COURT:

COME NOW Emanuel Diaz de Leon, Ignacio Garcia, Julysabel Cerda, Jose Anaya, and Jose Garcia, Plaintiffs, complaining of Flavor & Fragrance Specialties, Inc., Firmenich, Incorporated, Carmi Flavor and Fragrance Company, Inc., Mission Flavors & Fragrances, Inc., Advanced Biotech Overseas LLC, Berje, Incorporated,

Elan Chemical Corporation, Inc., and O'Laughlin Industries, Inc., Frutarom, Dalian Luck Fine Chemical Co., Ltd., Firmenich SA, Brenntag Mid-South Inc., Cargill Flavor Systems US, LLC n/k/a Kerry Flavor Systems US, LLC, Kerry Flavor Systems US, LLC, and Alfrebro, LLC, Defendants, and would respectfully show:

## 1.  The Plaintiffs

1.1    Plaintiff Emanuel Diaz de Leon is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

1.2    Plaintiff Ignacio Garcia is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

1.3    Plaintiff Julysabel Cerda is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

1.4    Plaintiff Jose Anaya is a legal permanent resident of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

1.5    Plaintiff Jose Garcia is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

## 2.  The Defendants

2.1    Defendant Flavor & Fragrance Specialties, Inc. is a New Jersey corporation doing business in Texas.

2.2    Defendant Flavor & Fragrance Specialties, Inc. has appeared in this action and may be served with notice of this Amended Complaint by sending a copy to its attorney of record, Jess W. Mason, Cotham, Harwell & O'Conor, P.C., via the Court's CM/ECF system per Local Rule CV-5(a)(3).

2.3     Defendant Firmenich, Incorporated is a Delaware corporation doing business in Texas.

2.4     Defendant Firmenich, Incorporated has appeared in this action and may be served with notice of this Amended Complaint by sending a copy to its attorney of record, April M. Byrd, Shook, Hardy & Bacon, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

2.5     Defendant Carmi Flavor and Fragrance Company, Inc. is a California corporation doing business in Texas.

2.6     Defendant Carmi Flavor and Fragrance Company, Inc. has appeared in this action and may be served with notice of this Amended Complaint by sending a copy to its attorney of record, Adam B. Allen, White Shaver, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

2.7     Defendant Mission Flavors & Fragrances, Inc. is a California corporation doing business in Texas.

2.8     Defendant Mission Flavors & Fragrances, Inc. has appeared in this action and may be served with notice of this Amended Complaint by sending a copy to its attorney of record, Jason W. Fatheree, Crouch & Ramey, L.L.P., via the Court's CM/ECF system per Local Rule CV-5(a)(3).

2.9     Defendant Advanced Biotech Overseas LLC is a New Jersey corporation doing business in Texas.

2.10    Defendant Advanced Biotech Overseas LLC may be served with process through its registered agent for service of process, James Mulligan, at 10 Taft

Road, Totowa, Passaic County, New Jersey 07512 (Telephone: 973-339-6242), or wherever said agent may be found.

2.11    Defendant Berje, Incorporated is a New York corporation doing business in Texas.

2.12    Defendant Berje, Incorporated may be served with process through its registered agent for service of process, Kim Bleimann, at 700 Blair Road, Carteret, Middlesex County, New Jersey 07008 (Telephone: 973-748-8980), or wherever said agent may be found.

2.13    Defendant Elan Chemical Corporation, Inc. is a New Jersey corporation doing business in Texas.

2.14    Defendant Elan Chemical Corporation, Inc. may be served with process through its registered agent for service of process, John L. Conover, at Saiber Schlesinger Satz & Goldstein, One Gateway Center, 13th Floor, Newark, Essex County, New Jersey 07102 (Telephone: 973-622-3333), or wherever said agent may be found.

2.15    Defendant O'Laughlin Industries, Inc. is a New Jersey corporation doing business in Texas.

2.16    Defendant O'Laughlin Industries, Inc. may be served with process through its registered agent for service of process, Corporation Service Company, 830 Bear Tavern Road, West Trenton, Mercer County, New Jersey 08628 (Telephone: 800-631-2155), or wherever said agent may be found.

2.17    Defendant Frutarom USA, Inc. is a New Jersey corporation doing business in Texas.

2.18    Defendant Frutarom USA, Inc. may be served with process through its registered agent for service of process, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, Mercer County, New Jersey 08628 (Telephone:  609-538-1818) or wherever said agent may be found.

2.19    Defendant Dalian Luck Fine Chemical Co., Ltd. is a foreign corporation doing business in Texas.

2.20    Defendant Dalian Luck Fine Chemical Co., Ltd. may be served with process through its chief executive officer or registered agent for service of process.

2.21    Defendant Firmenich SA is a foreign corporation doing business in Texas.

2.22    Defendant Firmenich SA may be served with process through its chief executive officer or registered agent for service of process.

2.23    Defendant Brenntag Mid-South Inc. is a Kentucky corporation doing business in Texas.

2.24    Defendant Brenntag Mid-South, Inc. may be served with process through its registered agent for service of process, CT Corporation System, at 306 West Main Street, Suite 512, Frankfort, Franklin County, Kentucky 40601 (Telephone: 212-894-8940) or wherever said agent may be found.

2.25    Defendant Cargill Flavor Systems US, LLC n/k/a Kerry Flavor Systems US, LLC is an Ohio corporation doing business in Texas.

2.26    Defendant Cargill Flavor Systems US, LLC n/k/a Kerry Flavor Systems US, LLC may be served with process through its registered agent for service

of process, CT Corporation System, 1300 E. 9th Street, Cleveland, Cuyahoga County, Ohio 44114 (Telephone:  216-621-4270) or wherever said agent may be found.

2.27    Defendant Kerry Flavor Systems US, LLC is an Ohio corporation doing business in Texas.

2.28    Defendant Kerry Flavor Systems US, LLC may be served with process through its registered agent for service of process, CT Corporation System, 1300 E. 9th Street, Cleveland, Cuyahoga County, Ohio 44114 (Telephone:  216-621-4270) or wherever said agent may be found.

2.29    Defendant Alfrebro LLC is an Ohio limited liability corporation doing business in Texas.

2.30    Defendant Alfrebro LLC may be served with process through its registered agent for service of process, David L. Moats, at 1055 Reed Road, Monroe, Butler County, Ohio 45050 (Telephone:  513-539-7373) or wherever said agent may be found.

## 3.  Jurisdiction

3.1    The Defendants removed this action from the 241st District Court in Smith County, Texas on the representation that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3.2    There actually is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, does exceed $75,000.00.

3.3    Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. §1332.

## 4.  Venue

4.1    A substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Smith County, Texas.

4.2    Venue in this judicial district is therefore proper pursuant to 28 U.S.C. §1391.

## 5.  Introductory Statement of Claim

5.1    Plaintiffs worked in the "flavor room" of a coffee production facility known as Distant Lands Coffee in Tyler, Smith County, Texas.  More specifically:

    (a)    Plaintiff Emanuel Diaz de Leon worked in this flavor room from approximately 2010 until 2011;

    (b)    Plaintiff Ignacio Garcia worked in this flavor room from approximately 2006 until 2007;

    (c)    Plaintiff Julysabel Cerda worked in this flavor room intermittently from approximately 2008 until 2011;

    (d)    Plaintiff Jose Anaya worked in this flavor room from approximately 2009 until 2011.

    (e)    Plaintiff Jose Garcia worked in the flavor room from approximately 2008 until 2009.

5.2    Based on information and belief, Defendants Flavor & Fragrance Specialties, Inc., Firmenich, Incorporated, Carmi Flavor and Fragrance, Inc., and Mission Flavors & Fragrances, Inc. ("Flavor Manufacturing Defendants") manufactured and sold the flavorings used in this coffee flavoring room during some or all of the relevant time periods (2006 – 2012).

5.3     Based on information and belief, some of these flavorings contained hazardous chemicals, such as "diacetyl" or "2,3-pentanedione," which can cause debilitating and irreversible lung or respiratory system damage when inhaled.

    (a)     Synonyms for "diacetyl" recognized by the Occupational Safety and Health Administration (OSHA) are Biacetyl; 2,3-Butanedione; 2,3-Butadione; 2,3-Diketobutane; Dimethyl diketone; Dimethylglyoxal; Glyoxal; dimethyl-.

    (b)     Synonyms for "2,3-pentanedione" recognized by the Occupational Safety and Health Administration (OSHA) are acetyl propanal; acetyl propionyl; B,y-dioxopentane; beta,gamma-dioxopentane; 2,3-pentadione.

5.4     Plaintiffs have sustained lung or respiratory diseases and/or injuries as a result of their exposure to these flavorings.

5.5     The Flavor Manufacturing Defendants knew or should have known of the dangers presented by these flavorings as well as the appropriate precautions for avoiding such dangers by 2006.  For example:

    (a)     In 1985 the "Flavor or Fragrance Ingredient Data Sheet" for diacetyl published by the Research Institute for Fragrance Materials, which is funded by the flavor manufacturing industry, warned that diacetyl was capable of producing systemic toxicity.

    (b)     By 1997 flavor manufacturing industry or trade associations had begun alerting flavoring manufacturers of these dangers through publications and conferences such as the workshop

entitled "Respiratory Safety in the Flavor and Fragrance Workplace" co-sponsored by the Flavor & Extract Manufacturers' Association of the United States and the Fragrance Materials Association of the United States.

(c)     By 2002 scientific, medical, and technical peer reviewed literature available to said Defendants was reporting that lung and respiratory disease could be caused by the chemical components or ingredients in these flavorings.

(d)     In 2003 the National Institute for Occupational Safety and Health (NIOSH) issued a NIOSH ALERT entitled "Preventing Lung Disease in Workers Who Use or Make Flavorings," which warned the flavor manufacturing industry that breathing certain flavoring chemicals in the workplace may lead to severe lung disease.

(e)     By 2006 NIOSH was conducting health hazard evaluations of said Defendants or similarly situated flavoring manufacturers and issuing reports, such as the one entitled "Report on Severe Fixed Obstructive Lung Disease in Workers at a Flavor Manufacturing Plant," for Carmi Flavor and Fragrance Company, Inc.

(f)     Based upon information and belief, by 2006 said Defendants or similarly situated flavoring manufacturers were receiving reports, claims, or lawsuits alleging occupational lung and

respiratory disease by their employees involved in the flavoring production process.  For example, in 2005 Mission Flavors & Fragrances, Inc. was sued in *Francisco Herrera v. Citrus and Allied Essences, Ltd., et al.,* No. 05cc12573, Superior Court of State of California, County of Orange-Central District.

(g)  Based upon information and belief, by 2006 said Defendants or similarly situated flavoring manufacturers were receiving reports, claims, or lawsuits alleging occupational lung and respiratory disease by their customers' employees involved in the flavoring process.  For example, in 2004 Firmenich, Incorporated was sued in *Vicki Stillmunks v. International Flavors & Fragrances, Inc., et al.,* No. 1:04cv00085, in the United States District Court for the Northern District of Iowa, Cedar Rapids Division; and

(h)  Based upon information and belief, by 2006 the suppliers of the chemicals (e.g., diacetyl or 2,3-pentanedione) used by said Defendants in manufacturing these flavorings should have been providing said Defendants with material safety data sheets or other information which warned said Defendants about the dangers of these chemicals and instructed said Defendants on how to avoid such dangers.

(i)  Based upon information and belief, by 2006 said Defendants or similarly situated flavoring manufacturers were taking

precautions to protect their own employees from the effects of inhaling these flavorings or their chemical components during the flavoring production or compounding process by:

(1)     participating in the Flavoring Industry Safety and Health Evaluation Program,

(2)     providing enclosed ventilation or local exhaust ventilation systems,

(3)     providing personal protective equipment or respirators,

(4)     using post-production cleaning processes that reduce the volatilization of chemicals into the air (e.g., cold water followed by a rinse with warm water to reduce the emission of chemicals during mixing tank cleaning),

(5)      conducting air sampling or air monitoring tests,

(6)     providing periodic health evaluation or medical surveillance,

(7)     refrigerating, or otherwise containing the vapors from the flavorings or their chemical components.

5.6     To the extent that the Flavor Manufacturing Defendants did not have adequate notice of the human health effects from breathing these flavorings, Plaintiffs would show that, based on information and belief, said Defendants did not adequately test these flavorings for their human health effects.

5.7     Moreover, based on information and belief, Plaintiffs would show that the Flavor Manufacturing Defendants breached the recognized standards of care set

forth in 29 C.F.R. §1910.1200 (a/k/a the "Hazard Communication Standard") in designing, manufacturing, evaluating, testing, and marketing these flavorings.

(a)     In this regard:

    (1)     said Defendants are "chemical manufacturers" or "distributors" for purposes of 29 C.F.R. §1910.1200,

    (2)     the flavorings which said Defendants supplied to Distant Lands Coffee were "chemicals" for purposes of 29 C.F.R. §1910.1200, and

    (3)     the diacetyl or 2,3-pentanedione in these flavorings constituted a "hazardous chemical" for purposes of 29 C.F.R. §1910.1200.

(b)     More specifically:

    (1)     Based upon information and belief, said Defendants in some instances failed to evaluate these flavorings as required by 29 C.F.R. §1910.1200(d).

    (2)     Said Defendants in some instances failed to disclose the following information as required by 29 C.F.R. §1910.1200(g):

        (A)     the identity of the hazardous chemical,

        (B)     the health hazards of the hazardous chemical, including signs and symptoms of exposure, and medical conditions which are generally recognized as being aggravated by exposure to the chemical, or

        (C)     the generally applicable control measures which were known to said Defendants, such as appropriate

engineering controls, work practices, or personal protective equipment.

5.8     The Flavor Manufacturing Defendants have exercised their right under Tex. Civ. Pract. Rem. §33.004 to designate Advanced Biotech Overseas LLC, Berje, Incorporated, Elan Chemical Corporation, Inc., and O'Laughlin Industries, Inc., Frutarom, Dalian Luck Fine Chemical Co., Ltd., Firmenich SA, Brenntag Mid-South Inc., Cargill Flavor Systems US, LLC n/k/a Kerry Flavor Systems US, LLC, Kerry Flavor Systems US, LLC, and Alfrebro, LLC ("Chemical Supplier Defendants") as responsible third parties.  More specifically:

(a)     The Flavor Manufacturing Defendants have alleged that the Chemical Supplier Defendants supplied the diacetyl and/or 2,3 pentanedione contained in the flavorings that the Flavor Manufacturing Defendants sold to Distant Lands Coffee.

(b)     The Flavor Manufacturing Defendants allege that the Chemical Supplier Defendants caused or contributed to cause the harm for which the Plaintiffs seek recovery.

(c)     The Plaintiffs have accordingly joined the Chemical Supplier Defendants in this civil action as necessitated by law.

5.9     All conditions precedent to the filing of this civil action in bringing the causes of action described below have been performed or have occurred.

## 6.  The §402A Marketing Defect Claim

6.1     These flavorings were not accompanied by adequate warnings of their dangers or adequate instructions to avoid such dangers, which rendered these flavorings unreasonably dangerous as marketed.

6.2     More specifically, the Flavor Manufacturing Defendants failed in some instances to pass on or to otherwise provide Plaintiffs with adequate warnings of these flavorings' dangers that were known or by the application of reasonably developed human skill and foresight should have been known, or failed in some instances to give adequate instructions to avoid such dangers.   For example, in addition to the omissions described above:

    (a)     Based upon information and belief, some of the material safety data sheets or labels for these flavorings did not pass along the warnings and instructions that should have been provided in the material safety data sheets or labels which said Defendants received from the suppliers of the chemicals which said Defendants used in manufacturing these flavorings.

    (b)     Some of the material safety data sheets or labels for these flavorings generally failed to disclose the presence of their hazardous chemicals, and in some instances withheld the identity of these chemicals as a "trade secret."

    (c)     Some of the material safety data sheets or labels for these flavorings failed to disclose the health hazards of these hazardous chemicals.

     (d)     To the extent that the material safety data sheets or labels for these flavorings describe their human health effects, these hazards were sometimes described as only "slight" or "slightly hazardous" which misrepresented the extremely hazardous nature of these flavorings.

     (e)     The respiratory protection measures identified in some of the material safety data sheets or labels for these flavorings, which essentially recommended "adequate ventilation," did not adequately instruct Distant Lands Coffee or Plaintiffs on how to avoid the dangers presented by said Defendants' flavorings.

6.3     These defects in the marketing of these flavorings was a producing cause of the occurrences or Plaintiffs' injuries in question.

<u>7.  The §402A Design Defect Claim</u>

7.1     Based upon information and belief, safer alternative designs existed for these flavorings.

7.2     More specifically, at the time these flavorings left the control of the Flavor Manufacturing Defendants alternative mixtures, formulas, or recipes existed which:

     (a)     would have prevented or significantly reduced the risk of the occurrences or injuries in question without substantially impairing the flavoring's utility, and

(b)    were economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge.

7.3    These safer alternative designs omitted diacetyl or 2,3-pentanedione, or replaced them with safer ingredients.

7.4    The absence of these safer alternative designs constituted a design defect in the condition of these flavorings which rendered these flavorings unreasonably dangerous as designed, taking into consideration the utility of these flavorings and the risk involved in their use.

7.5    This design defect in these flavorings was a producing cause of the occurrences or Plaintiffs' injuries in question.

### 8.  The §402B Misrepresentation Claim

8.1    The Flavor Manufacturing Defendants concealed or misrepresented the hazardous nature of these flavorings or the respiratory precautions required to avoid the danger presented by these flavorings.  For example:

(a)    Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively represented that the flavorings had no hazardous chemical components or affirmatively misrepresented that their chemicals were only "slightly hazardous" or that their hazards were "slight."

(b)    Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively misrepresented that

overexposure to the flavorings was only "irritating" or "may cause irritation."

(c)     Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively misrepresented the existence of common hazardous chemicals as "trade secrets."

(d)     Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively misrepresented that the disclosed health hazards, warnings, and instructions were the only applicable health hazards, warnings, or instructions.

(e)     Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively misrepresented that health hazards from overexposure were "unlikely at ambient temperature."

(f)     Some of said Defendants' material safety data sheets or labels for these flavorings affirmatively represented that personal respiratory protection was not generally required.

(g)     To the extent that the material safety data sheets or labels for these flavorings addressed appropriate respiratory protection measures, some merely recommended "adequate ventilation," which affirmatively misrepresented the magnitude of the control measures which were necessary to protect those working with these flavorings.

8.2    These representations were made to the public, involved a material fact that concerned the safety of these flavorings, and were relied upon by Plaintiffs in working with these flavorings and by Distant Lands Coffee in purchasing these flavorings.

### 9.  The §§ 323 & 324A Negligent Undertaking Claims

9.1    The negligence of the Flavor Manufacturing Defendants was a proximate cause of these occurrences or Plaintiffs' injuries in question.

9.2    More specifically, for the reasons described above said Defendants failed to exercise reasonable care in:

(a)    undertaking to evaluate these flavorings,

(b)    undertaking to test these flavorings,

(c)    undertaking to warn ordinary users of these flavorings of their dangers, or

(d)    undertaking to instruct ordinary users of these flavorings on how to avoid their dangers.

9.3    In the aforementioned undertakings, said Defendants knew or should have known that they were necessary for the Plaintiffs' protection and that:

(a)    Plaintiffs or Distant Lands Coffee relied on said Defendants' performance of these undertakings, or

(b)    Said Defendants' performance increased the Plaintiffs' risk of harm.

## 10.  The Negligence Claims

10.1    The negligence of the Flavor Manufacturing Defendants was a proximate cause of the occurrences or Plaintiffs' injuries in question.

10.2    More specifically, for the reasons described above said Defendants failed to use ordinary care in:

      (a)    designing these flavorings,

      (b)    evaluating these flavorings,

      (c)    testing these flavorings,

      (d)    warning ordinary users of these flavorings of their dangers, or

      (e)    instructing ordinary users of these flavorings on how to avoid their dangers.

## 11.  The §2.315 Breach of Implied Warranty of Fitness for a Particular Purpose Claims

11.1    The diacetyl and/or 2,3 pentanedione supplied by Advanced Biotech Overseas LLC, Berje, Incorporated, Elan Chemical Corporation, Inc., and O'Laughlin Industries, Inc., Frutarom, Dalian Luck Fine Chemical Co., Ltd., Firmenich SA, Brenntag Mid-South Inc., Cargill Flavor Systems US, LLC n/k/a Kerry Flavor Systems US, LLC, Kerry Flavor Systems US, LLC, or Alfrebro, LLC ("Chemical Supplier Defendants") breached implied warranties of fitness for a particular purpose which was a proximate cause of these occurrence or Plaintiffs' injuries in question.

11.2    More specifically, at the time the Chemical Supplier Defendants sold these chemicals:

(a)    the Chemical Supplier Defendants had reason to know that these chemicals would be used to manufacture flavorings; and

(b)    the Chemical Supplier Defendants had reason to know that the Flavoring Manufactoring Defendants were relying on their skill and judgment to select or furnish suitable chemicals for manufacturing flavorings.

11.3    The diacetyl and/or 2,3 pentandionne was unfit for the particular purpose of manufacturing flavorings at the time it was sold by the Chemical Supplier Defendants to the Flavor Manufacturing Defendants because of its unreasonably dangerous nature as described above.

## 12.  The Plaintiffs' Damages

12.1    Plaintiffs have suffered damages in the past as well as in the future.

12.2    These damages include those damages resulting to Plaintiffs conditioned as they were at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

12.3    These damages include physical pain, mental anguish, loss of earnings or earning capacity, physical impairment, and reasonable expenses for necessary health care resulting from the diseases or injuries sustained in the occurrences in question.

## 13.  The Statute of Limitations Was Tolled.

13.1    Plaintiffs invoke the "fraudulent concealment" doctrine to toll the statute of limitations because Defendants misrepresented or concealed the hazardous

nature of these flavorings as described above, which prevented Plaintiffs from discovering their causes of action against Defendants in a more timely manner.

13.2    In the alternative, Plaintiffs invoke the "discovery rule" to toll the statute of limitations because it has been less than two years since Plaintiffs had notice that they were injured and that their injuries were work related.   More specifically:

        (a)    Plaintiff Emanuel Diaz de Leon had such notice on January 26, 2012;

        (b)    Plaintiff Ignacio Garcia had such notice on March 2, 2012;

        (c)    Plaintiff Julysabel Cerda had such notice on September 20, 2011;

        (d)    Plaintiff Jose Anaya had such notice on March 2, 2012; and

        (e)    Plaintiff Jose Garcia had such notice on May 30, 2012.

<u>14.  Prayer for Judgment</u>

14.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants, jointly and severally, for the following relief:

14.2    fair, just, and adequate compensation for past and future general and special damages including actual damages;

14.3    recovery of prejudgment and postjudgment interest;

14.4    reimbursement of taxable costs; and

14.5    such other and further relief, general and special, legal and equitable, to which said Plaintiff may be justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS

BY:    /s/  Randell C. Roberts
            RANDELL C. ROBERTS
            Bar No. 17016490
            *Lead Attorney*
            randy@robertslawfirm.com
            118 W. Fourth
            Tyler, TX  75701-4000
            Ph:     (903) 597-6655
            Fax:    (903) 597-1600

                        AND

            E. Glenn Thames, Jr.
            State Bar No. 00785097
            glennthames@potterminton.com
            POTTER MINTON
            A Professional Corporation
            500 Plaza Tower
            110 North College Avenue
            Tyler, TX  75702
            Telephone:  (903) 597-8311
            Facsimile:  (903) 593-0846

            **Attorneys for Plaintiffs**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 12, 2013.


_____*/s/ Randell C. Roberts*_____
ROBERTS & ROBERTS